This is a motion to strike out the bill of complaint. A suit has been commenced at law for the recovery of damages growing out of a transaction in which William C. Grobert, the defendant, sold to Joseph A. Dougherty a saloon business, through the medium of the transfer of all the capital stock of a corporation known as The David Boyle Company, which is a co-complainant in the present suit. It was a subsidiary of The Ballantine Brewing Company. In the original lease from one Hennion to The David Boyle Company, which was dated November 5th, 1915, and ran for a period of five years from December 1st, 1915, there was a provision whereby the Boyle company had the privilege to purchase the demised premises during the term of that lease or its extension for the sum of $12,000. It also contained a provision giving the tenant the privilege of renewing the lease for an additional five years' period. When the present defendant sold to the present complainant Dougherty, it is claimed by Dougherty that the defendant represented to him that this option to purchase the premises for the sum of $12,000 was still in effect, and that he took the premises on the strength of that representation. It is now claimed that the new lease executed in 1920 was not an extension of the original lease, but an entirely independent and disconnected transaction, although it covered the same premises, and that, therefore, the option to purchase is not available to Dougherty, because it ran out with the expiration of the original lease in 1920 and was not continued by an extension of that lease. As a result of the whole situation, Dougherty was obliged, in buying the property, to pay $6,139 more than the $12,000 fixed in the original option. He now seeks to recover that additional amount from Grobert, as above indicated. *Page 110 
The objection to the present bill is based upon the fact that in the action at law a nonsuit was granted, and that is claimed by the defendant to be dispositive of the rights of the parties under the original lease. Of course, that is not so, because a nonsuit is not necessarily res adjudicata — simply meaning that on the case presented the plaintiff had not succeeded in establishing a prima facie case entitling him to go to a jury. On a retrial, of course, any defect in the former proceeding might well be remedied, and an entirely different situation established. It also appears that a former bill was filed in this court, which was dismissed, and the objection raised by the defendant now is, that the complainant should not be permitted to file a new bill on the same state of facts, simply because complainant contends that he has newly-discovered evidence which will present a different situation.
It is clear from this outline of the case shown by the bill that, if what the complainant says is true, there was a misrepresentation of an existing fact, namely, that the option to purchase for $12,000 was in existence and went with the sale of the business. Of course, complainant may not be able to establish all the elements necessary to prevail in a case of this kind on final hearing; but if he does, there is a good ground shown for equitable intervention, because complainant gave the defendant negotiable promissory notes which, if transferred to an innocent purchaser for value, without notice of defect, would be good in the hands of the innocent purchaser, and complainant would be obliged to pay them. He, therefore, seeks to have them delivered up and canceled. It is perfectly obvious, also, that unless such action on the part of the defendant is restrained, pending an adjudication of the rights of the parties, whether those rights be strictly at law or in equity, irreparable damage will be sustained by the complainant, the maker of the notes, and he will be, therefore, deprived of a defense to the notes in the hands of a third person, which he could interpose effectively as against the claim of the defendant.
Under all these circumstances, it seems to me that the bill should not be dismissed on motion, but that the cause should proceed to final hearing, in order to determine whether or not *Page 111 
the facts do show a sufficient ground for final equitable intervention, or whether the parties should then be left to their remedies at law. Meanwhile, of course, the restraint should be continued.
I will advise a decree in accordance with these views.